UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD KRICK, ET AL.,<br><br>        Plaintiffs,<br><br>v.<br><br>RAYTHEON COMPANY, ET AL.,<br><br>        Defendants. | Civ. No.: 1:22-CV-11032-AK |

**UNITED STATES OF AMERICA'S ADDITIONAL BRIEF REGARDING VENUE UNDER THE FEDERAL TORT CLAIMS ACT**

The United States of America respectfully submits this additional brief regarding venue under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1402(b). *See* Doc. No. 90. No facts or allegations in the Second Amended Complaint demonstrate a connection between the present District and Plaintiffs' negligence claims against the United States. Therefore, venue is improper under the FTCA, and the instant matter is not properly before the Court. As such, the Court should dismiss the case.

**ARGUMENT**

As admitted in Plaintiffs' Opposition to the United States' Motion to Dismiss, none of the Plaintiffs reside in Massachusetts. Doc. No. 85 at 22. The only way venue is proper in Massachusetts, per the FTCA, is if an act or omission complained of occurred therein. *See* 28 U.S.C. § 1402(b). It is the Plaintiffs' burden to plead specific factual allegations to support the claimed venue. *Berklee Coll. Of Music, Inc., v. Music Indus. Educators, Inc.*, 733 F. Supp. 2d 204, 211 n. 49 (D. Mass. 2010). In the Second Amended Complaint, Plaintiffs' only specific

allegation regarding venue is the bald claim that "[v]enue is proper in this forum pursuant to 28 U.S.C. § 1402." Doc. No. 33 ¶ 14. Yet the facts demonstrate that Massachusetts has no connection to the United States' purported negligence.

The Second Amended Complaint makes it clear that any claimed negligence by the United States occurred where the alleged missile was fired, i.e., off the coast of Long Island, New York, not Massachusetts: "[w]ithin twelve minutes of takeoff, the plane exploded and crashed *into the Atlantic Ocean off the coast of Long Island, New York.*" *Id.* ¶ 2 (emphasis added). Plaintiffs go on to repeat that the critical phase of the case is what happened over the Atlantic Ocean six more times. *See id.* ¶¶ 5, 8, 35-36, 73, 86. There is no mention of Massachusetts in any of those paragraphs. The pleading further makes clear that the supposed Navy missile Plaintiffs believe shot down TWA Flight 800 originated not from a land-based facility but rather from a warship(s): ". . . firing SM-2 missiles with live warheads from warship(s) at aerial missile targets off the coast of New York . . . [o]ne such missile struck TWA flight 800 . . . ." *Id.* ¶ 5. Plaintiffs have never identified the warship(s) that fired the missile, much less the location of the warship(s). However, Plaintiffs make no claim that the warship(s) were located in Massachusetts waters.

Plaintiffs' Opposition contends that venue is proper in Massachusetts because TWA Flight 800 was "operating under the control of Boston Air Route Traffic Control Center ('Boston ARTCC') when it exploded" and that the government failed to disseminate any warning of weapons system testing through "a national airspace system operated by air traffic control facilities." Doc. No. 85 at 24. As the United States previously mentioned, there are no allegations in the

Second Amended Complaint that support any claim of air traffic control negligence; however, even assuming that there were such allegations, they would not make venue proper in Massachusetts. Boston ARTCC is currently, and on the date of the explosion in July 1996, was located in Nashua, New Hampshire, not Massachusetts. *See* Ex. 1 ¶ 5 [Tomicich Decl.] Plaintiffs' attempt to place venue in this District based on TWA Flight 800's receipt of air traffic control services therefore fails as well.

      Plaintiffs have relied heavily in their pleadings on the work of Dr. Thomas Stalcup, even tying his work to the reason why this case is pending in the District of Massachusetts. This work includes serial Freedom of Information Act ("FOIA") lawsuits Dr. Stalcup has filed over the course of the last decade. None of those cases are pending in the District of Massachusetts any longer, all having been dismissed. The last remaining case filed in this Court is now on appeal before the First Circuit. The repeated dismissals of his lawsuits, however, have not stopped Dr. Stalcup's FOIA efforts as he recently filed another FOIA case against the U.S. Navy and the Federal Bureau of Investigation; but that case is pending in the Middle District of Florida, Civ. No. 8:23-cv-885-TPB-AEP. *See* Ex. 2 [Pls' FOIA Compl.]. According to the Complaint in that case, Dr. Stalcup no longer lives in Massachusetts but has moved to the Tampa Bay area. *Id*. ¶ 26. Therefore, any tenuous connection based on Dr. Stalcup's work no longer has any tie to Massachusetts either.

      To the extent Plaintiffs argue that venue is proper in Massachusetts because it is proper as to Codefendant Raytheon Company, such argument is inconsistent with case law. "Where there are multiple defendants, venue must be

3

proper as to every defendant." *Stars for Art Prod. FZ, LLC v. Dandana, LLC*, 806 F. Supp. 2d 437, 447 (D. Mass. 2011). Therefore, even if venue is proper as to Raytheon, that is of no merit in determining whether it is proper as to the United States. Neither is any argument that because venue is proper as to one defendant that it is proper to another under a theory of pendent venue. *See Attkinsson v. Holder*, 241 F. Supp. 3d 207, 214 (D.D.C. 2017) (rejecting application of doctrine of pendent venue that would enable FTCA claims brought by residents of Virginia involving acts or omissions that occurred in Virginia to be litigated in the District of Columbia). Where a venue statute, like that applicable to the FTCA, provides for venue in specific locations, reliance on pendent venue to find venue elsewhere contravenes Congress's clear intent. *Id*. The FTCA venue statute applies here, so Plaintiffs' venue claim against the United States must stand on its own, and here it fails.

As mentioned previously, the Court has the discretion to either dismiss this case or transfer it to a proper venue; the decision between those outcomes is based on the interests of justice. *Id*. at 214-15 (citing *Naartex Consulting Corp. v. Watt*, 772 F.2d 779, 789 (D.C. Cir. 1983)). Generally, where a procedural obstacle like a statute of limitations would bar refiling elsewhere, transfer is preferred. *Shipley v. Bureau of Prisons*, 729 F. Supp. 2d 272, 275-76 (D.C.C. 2010). That general proposition should not be followed because the statute of limitations is not a close call. In other words, the bar is not the result of the passage of time between filing a complaint in an original improper forum and the resolution of motions practice regarding that error. Rather, by the time the Second Amended Complaint was filed in this Court it was already 24 years too late.

4

If a court determines that transfer is futile, it may dismiss the case outright. *Powell v. United States*, No. CV 21-2038 (RBW), 2022 WL 14340487, at *1 (D.D.C. Sept. 2, 2022). If the outcome is foreordained in the transferee venue, then dismissal is appropriate. *Polidi v. Boente*, No. CV 21-2875 (FYP), 2022 WL 3594594, at *3 (D.D.C. July 18, 2022) (citing *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997)). There is no reason, like here, to transfer a case to another venue when the United States will likewise move to dismiss there and prevail on the already raised basis of statute of limitations. *See Simpkins*, 108 F.3d at 371. This Court is free, in evaluating what is in the best interest of justice, to look at the merits of this motion to dismiss, i.e. the statute of limitations. *Polidi*, 2022 WL 3594594, at *3 (citing *Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010)). The statute of limitations argument raised in the United States' Motion to Dismiss establishes that if this case was transferred elsewhere, all that would remain would be for the United States to update the memorandum of law to the transferee district, and refile it. Transfer in the face of such futility does not serve the interests of justice. Therefore, the United States respectfully requests dismissal instead of transfer.

## CONCLUSION

For the above-stated reasons, and those in the previously-filed Motion to Dismiss, the United States respectfully requests the Court dismiss Plaintiffs' Second Amended Complaint with prejudice.

DATED: August 21, 2023

                            Respectfully submitted,

                            JOSHUA S. LEVY
                            Acting United States Attorney
                            District of Massachusetts

                            /s/ Robert Kelly
                            ROBERT KELLY
                            Senior Trial Counsel
                            Torts Branch, Civil Division
                            U.S. Department of Justice
                            RAYFORD A. FARQUHAR
                            Assistant United States Attorney
                            District of Massachusetts
                            P.O. Box 14271
                            Washington, D.C. 20044-4271
                            (202) 616-4031
                            Robert.Kelly@usdoj.gov

                            Attorneys for Defendant
                            UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 21, 2023, I filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of the filing will be sent electronically all counsel of record.

                                      /s/ Robert Kelly
                                      ROBERT KELLY
                                      Senior Trial Counsel
                                      U. S. Department of Justice